UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



FILED
IN CLERKS OFFICE
2007 JUL 23 P 3:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

MICHELLE CUMMINGS, )
   Plaintiff )
 )
 ) COMPLAINT
v. )
 ) 07 CA 11346 RWZ
UMASS MEMORIAL )
MEDICAL CENTER, )
   and )
STATE HEALTHCARE AND )
RESEARCH EMPLOYEES, )
   Defendants )

MAGISTRATE JUDGE Alexander

## COMPLAINT & DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Michelle Cummings (hereinafter "Ms. Cummings") is an individual residing at 16 Pine Croft Ave, North Brookfield Ma, 01535.

2. UMass Memorial Medical Center (hereinafter "UMM") is a Health Care System, with its principal place of business at 365 Plantation Street, Worcester, MA 01605.

3. State Healthcare and Research Employees (hereinafter "SHARE") is a union with it's principal place of business at 560 Boston Turnpike Road #9, Shrewsbury, MA 01545.

### FACTS

4. On August 8, 2000 Michelle Cummings accepted a position with UMM.

5. Michelle Cummings belonged to a bargaining unit which maintained a contract with UMM. The bargaining unit is the State Healthcare and Research Employees AFSCME, AFL-CIO ("SHARE"). Michelle Cummings paid her regular dues to SHARE for membership. As such, Michelle Cummings also maintained a contract with SHARE as well as UMM.

6. The terms of the employment were in written form and hence a written employment contract existed between Michelle Cummings and UMM and with SHARE (See Exhibit A).

7. Michelle Cummings job title was Accounts Receivable Representative. Michelle Cummings had competently and faithfully carried out her duties and responsibilities. Michelle performed well for a number of years and was promoted to Senior Accounts Receivable Representative.

8. In the last year or so of her employment Michelle Cummings began to have difficulty with her new manager. Her new manager falsely accused her of performance problems and misuse of internet time. Although personal internet usage was allowed during break and lunch time most employees used it intermittently outside of this lunch and break time without disciplinary action instituted against them.

9. In August of 2005 Michelle was given a review of her performance by her manager and was issued a performance improvement plan which included complaints by her manager about her use of the internet. Michelle Cummings refused to sign this document or the review as the substance of the review and performance improvement plan was false. (See Exhibit B) Moreover, the internet

usage was not uniformly enforced in that no one was ever fired for this activity and everyone in the department used the internet intermittently outside of lunch and break time including her manager.

10. Michelle Cummings received no further disciplinary action pertaining to her use of the internet.

11. In September 2006 Michelle Cummings was called into a meeting with her manager and union representative. Michelle Cummings was told by her union representative that she was going to be fired for intermittent use of the internet outside of lunch and break time and that she could resign in lieu of this. As such and under pressure and fear, Michelle Cummings chose to resign. (See Exhibit C).

12. Contained within the contract which existed between Michelle Cummings and UMM and SHARE was a provision of progressive disciplinary procedure. This procedure so bargained for by Michelle Cummings and UMM and SHARE are as follows (See Exhibit D):

   Counseling

   Documented Verbal Warning

   Written Warning

   Final Written Warning and/or Suspension

   Termination

13. The above procedure as part of the contract is a specific procedure that must be followed. As stated in page 21 of the Employment Contract, it is only appropriate to skip a step due to seriousness of the offense. Intermittent internet use, which

Michelle Cummings was terminated for, does not meet the seriousness requirement necessary to skip a step. (Exhibit D) However, Michelle Cummings only received a written warning for internet usage (See Exhibit B) prior to termination. As such, the five step process that was bargained for in the contract in question was not followed and as such Michelle Cummings was fired in a manner that breached the contract in question.

14. UMM breached their contract with Michelle Cummings by not following the procedure and breached the contract by terminating her for essentially a bogus reason as this policy was not uniformly enforced.

15. SHARE breached their contract with Michelle Cummings by advising her to resign and not protecting her from an unauthorized termination which was not in accordance with the progressive five step disciplinary process. SHARE further committed negligence by not advocating effectively for Michelle Cummings and protecting her employment rights.

16. Pursuant to the Massachusetts Tort Claims Act, which states that a person seeking recovery must present the claim to "executive officer of [a] public employer" before instituting suit, on March 15, 2007 a formal demand letter was sent to John O'Brien, UMass Memorial Chief Executive Officer, in accordance with all applicable laws, rules and procedures of our nation and of the Commonwealth of Massachusetts. This demand letter, on behalf of my client, Michelle Cummings, was refused. (See Exhibit E)

## CAUSES OF ACTION

### I. Breach of Contract

17. Plaintiff reasserts paragraphs 1-17 as if herein alleged.

18. UMM breached their contract with Michelle Cummings. In addition, as UMM did not follow the contractually bargained for procedure for progressive discipline UMM further breached their contract with Michelle Cummings.

19. As SHARE did not advocate for Michelle Cummings by objecting to her termination which was in breach of the contract, SHARE breached its contract with Michelle Cummings.

20. SHARE further committed negligence by not either noticing or caring that Michelle Cummings termination was in breach of contract. SHARE had an affirmative duty to advocate and protect one of its members. By not protecting Michelle Cummings SHARE breached their duty and caused Michelle Cummings to be terminated.

### II. Interference with Business Relations

21. Both UMM and SHARE committed Interference with Business Relations as to Michelle Cummings. This tort is defined as follows: (i) existence of a valid contractual relationship between plaintiff and a third party or valid business expectancy of plaintiff; (ii) defendant's knowledge of the relationship or expectancy; (iii) intentional interference by defendant including a breach or termination of the relationship or expectancy; and (iv.) damages.

22. Applying the facts to the above stated law: (i) there existed a valid business expectancy between UMM and Michelle Cummings and SHARE and Michelle

Cummings; (ii) Both UMM and SHARE knew of the contract existing with Michelle Cummings; (iii) UMM terminated Michelle Cummings (a) without following the five step disciplinary process so bargained for and (b) using internet use as just cause when it was not. As such UMM has intentionally interfered with Michelle Cummings contract with SHARE causing Michelle Cummings to lose her employment and causing the contract she maintained with SHARE to be terminated; (iv)as a result of the actions of the UMM, Michelle Cummings has suffered emotional and financial harm.

### III. Defamation

23. UMM further committed DEFAMATION as to Michelle Cummings. This is defined as follows: (i) Defamatory Language; (ii) "Of or concerning" the plaintiff; (iii) Publication thereof by defendant to a third person; and (iv) damage to plaintiff's reputation.

24. Applying the fact to the above stated law: (i) UMM by and through their agents have used defamatory language. The language used was that Michelle Cummings had performance problems and was using the internet excessively and in a manner that violated company policy. She did not have performance problems, her use of UMM's Internet connection was not excessive, and the Internet policy was enforced so laxly that her action could not reasonably have violated the de facto policy. Ergo, the language used was defamatory. (ii) This language was of and concerning Michelle Cummings. (iii) This defamatory language was published to third parties (i.e. to HR, to the SHARE representative, co-workers, etc). (iv) Michelle Cummings reputation has been damaged as all people involved believe

Michelle Cummings is a poor worker who makes excessive use of the internet. Moreover, her ability to obtain a positive reference has been seriously effected as this resignation in lieu of termination has been placed into her employee file.

### DEMAND

**WHEREFORE, the Plaintiff, Michelle Cummings, demands judgment against the Defendants, UMass Memorial Medical Center and State Healthcare and Research Employees in the amount of $106,468.00 for lost wages, reasonably anticipated future lost wages, damage to reputation and emotional distress due to false accusations, and attorney fees and costs. .**

DATED: 7/23/2007

Respectfully submitted by,

_____
David Constantino, Esq.
Attorney for Plaintiff
340 Main Street, Suite 562
Worcester, MA 01608
Tel: (508) 795-0936
BBO #: 645357